(C. D. 1149)

GENERAL EXPORTING CO. *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided December 22, 1948)

*Benjamin I. Salinger, Jr.* (*Melvin A. Garretson* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

EKWALL, Judge: A quantity of liquor was imported at the port of Chicago on December 6, 1939, and was placed in bonded warehouse under authority of section 557 of the Tariff Act of 1930 (Title 19, section 1557, U. S. C.). The liquor remained in warehouse for more than 3 years from the date of importation. Under the provisions of section 559 of said tariff act (Title 19, section 1559, U. S. C.), merchandise which remains in a bonded warehouse for more than 3 years from the date of importation shall be regarded as abandoned to the Government and shall be sold under such regulations as the Secretary of the Treasury shall prescribe. For reasons which will hereafter appear, the instant merchandise was not sold at the expiration of the 3-year period.

The case is before the court on a protest filed by the consignee which is in the following language:

We have heretofore on August 23rd 1943, submitted to the *Commissioner of Customs* at Washington, D. C., all of the facts and all of the documents pertaining to the above warehouse entry which shows us to be the record owner, and at the time of the entry the owner of importer's Basic Permit #I–269, Form L–2 label approval, issued September 26th 1936, the warehouse entry and the bill of lading and carrier's certificate. We have asked the Commissioner in view of the different constructions based upon the Tariff and Customs regulations to accept the duties heretofore tendered and make delivery, and have given the legal reasons therefor.

Since the time of the letter referred to we have had numerous and various letters from the Commissioner of Customs, in which we were advised in effect, that they were giving the request attention and investigation, and that we would soon be advised of their conclusion. Since August 23, 1943, and up to this date, no action has been taken by the Commissioner, and you, as Collector have been prohibited from complying with the customs laws and Tariff Act and accepting the duties due the United States Government or calling a sale.

Therefore, by reason of the direction of said Commissioner, we protest that this is in violation of the customs regulations and no such power is vested in the Commissioner and no power is vested in you to further delay the acceptance of these duties or to deny the record owner his rights under customs regulations, Tariff Act and United States Statutes, which we have heretofore outlined to you, and we hereby make part of this protest all demands heretofore made and filed with you which have been duly acknowledged as received by you and protest that your action in failing to call a public sale pursuant to customs regulations, accept the duty and to pay the importer the drawbacks or accept the duty from said

importer, is in violation of the customs regulations in violation of the rights of the record owner herein, and that there is no legal impediment or just reason why the liquidation should not pursue according to the rights outlined and the customs regulations and laws.

Second, that we protest that the failure to take administrative action upon these requests where the validity involved questions of customs regulations and Treasury rulings before them or subject to review of the Administrative Act or failure to so act and [sic] required by law.

We protest further that the failure to take the administrative acts allowed the importer constitutes a refusal to give the rights under the customs regulations and is in violation thereof, and we therefore, demand that you give us, within the time provided by law, your decision with reference to the acceptance and imposition and the collection of the duties heretofore tendered you and in the manner outlined by the United States Customs regulations and the decisions of the Attorney General of the United States which have been called to your attention as a basis of asking administrative action and decision.

We therefore respectfully ask that you favor us at an early date with a reply to avoid the continuation of excessive storage charges wrongfully exacted. Your opinion and your conclusion concerning all of the claims heretofore filed, the demands made which are embodied in this protest, we assert there is no other court of remedy available except the United States Customs Court, in which these matters can be determined, and that the said importer of record is entitled by reason of law and customs regulations to preserve its rights in such court.

At the hearing counsel for the plaintiff introduced a number of documentary exhibits. On behalf of the Government there were introduced certified copies of findings of fact and conclusions of law, together with an order and judgment entered in a suit brought in the U. S. District Court by Southard & Co., Ltd., of London, England, the shipper of the instant merchandise, against the plaintiff herein and one Benjamin I. Salinger, and also the warehouse withdrawal for consumption by a Master in Chancery for the District Court for the Northern District of Illinois. Plaintiff's counsel objected to the materiality and relevancy of all of the documents offered by the Government. Said exhibits were admitted in evidence by the judge who heard the case, subject to their materiality and relevancy.

Time for briefs was requested and granted. A brief has been filed on behalf of the Government. No brief was filed on behalf of the plaintiff.

We find that the exhibits produced by the Government are properly admissible in evidence and that the contents thereof are material and relevant in this action.

It was agreed between counsel at the hearing that the General Exporting Co. is the consignee of record for customs purposes within the meaning of section 484 (h) of the Tariff Act of 1930, and, by virtue of said statute and the customs regulations thereunder, is entitled to make customs withdrawal from warehouse of the liquor here involved. Further, it was agreed that the said liquor became

abandoned to the United States 3 years from December 6, 1939, under the provisions of section 559, *supra*.

The facts as they appear from the various documents in evidence are as follows: Southard & Co., Ltd., of London, England, the seller, invoiced this liquor consigned to the General Exporting Co. of Chicago, the plaintiff herein. The General Exporting Co. entered said liquor for warehouse at the port of Chicago under date of December 7, 1939. At the expiration of the 3-year statutory period, 235 cases of liquor remained in warehouse.

It further appears from the record that on May 29, 1940, an action was commenced in the U. S. District Court for the Northern District of Illinois, Eastern Division, by said Southard & Co., Ltd., against General Exporting Co., plaintiff herein, and one Benjamin I. Salinger, in which plaintiff alleged that the whisky was its property and prayed for a declaratory judgment to that effect and for an accounting. The court handed down a judgment that neither the General Exporting Co. nor Benjamin I. Salinger had any right, title, or interest to the 235 cases of liquor here involved or to the nonnegotiable warehouse receipt issued by the storage company to the General Exporting Co. when the said cases of whisky were delivered to it for storage.

Government counsel contends that the protest is insufficient under section 514 of the Tariff Act of 1930, on the ground that it is not within the purview of that section and, further, that it is untimely.

Before considering the merits, we will pass upon the sufficiency of the protest. It appears to the court that the plaintiff is protesting not against the collector's refusal to accept the duties tendered but against his failure to take any action. Even if we construe the protest as directed against a refusal on the part of the collector to accept the duties and permit withdrawal of the merchandise, the record is silent as to any date from which to compute the statutory time for filing protest. We have been unable to discover any proof as to the date or dates upon which plaintiff tendered a withdrawal entry together with duties and charges to the collector. The only intimation that the General Exporting Co. had made a demand on the collector is contained in the allegation in the protest filed on December 18, 1943, more than a year subsequent to the expiration of the statutory 3-year warehouse period. There we find the following:

* * * and we hereby make part of this protest all demands heretofore made and filed with you which have been duly acknowledged as received by you * * *.

In the collector's report on the protest, which is part of the official papers transmitted to the court, we find the following as the basis for his refusal to accept a warehouse withdrawal:

The instructions contained in letters dated July 13, 1943, and Dec. 9, 1943, which the Commissioner of Customs addressed to the Collector of Customs, Chicago, Ill., copies of which are enclosed herewith. * * *

A perusal of the letter of July 13, 1943, in evidence, discloses that on that date the collector was instructed to withhold the whisky from sale and to decline to accept warehouse withdrawals therefor until after the conclusion of a conference between the United States Attorney at Chicago and a representative of Southard & Co., Ltd. In the letter of December 9, 1943, the collector was instructed by the Commissioner to withhold from sale the whisky in suit and to continue to decline to accept withdrawals for any part of said liquor, pending the conclusion of the litigation with respect thereto. However, we have no evidence as to any date upon which the collector refused to allow withdrawal of this merchandise by the plaintiff. Therefore, the allegation of untimeliness made by the Government has not been refuted.

The warehouse withdrawal for consumption shows that duties were paid on October 14, 1944, and the merchandise withdrawn in conformity with the order of the District Court dated May 3, 1944. If we were to consider either of these dates as indicating the date of the collector's decision excluding the merchandise from delivery, the protest would be premature.

Government counsel further contends that the protest is untimely on the ground that the liquor became abandoned to the Government over 1 year prior to the date of filing of said protest, under section 559, *supra*. Inasmuch as the liquor remained in warehouse beyond the 3-year period because of instructions from the Commissioner of Customs, the running of the statute of limitations was suspended. In the case of *Caballoro & Blanco* v. *United States* (28 Treas. Dec. 1164, T. D. 35530, G. A. 7740), it was held that where the Government seized merchandise in warehouse, rendering removal therefrom by the importer impossible, such action on the part of the Government operated as a suspension of the 3-year time limit. That case involved a question as to which of two tariff acts was applicable to the merchandise. However, we think the reasoning of that decision applies also to a matter of procedure such as is presented here. It follows that if the protest were sufficient in other respects, it would not be dismissible on that ground alone.

However, upon the record as presented, we find no authority in the statute (section 514, *supra*) for the protest in that it is not directed against any of the decisions of the collector therein enumerated against which protest may be filed. Even were we to interpret the pleadings as falling within the purview of said section, the allegation of the Government that the protest is untimely has not been refuted either by the official papers or at the hearing. We have not had the

benefit of a brief from the plaintiff or any citation of authorities in support of its position.

Upon the record as made we hold that the protest should be and the same is hereby dismissed.

Judgment will be rendered accordingly.